IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **GOLDEN STATE FOODS CORP.,** | : |
| *Plaintiff,* | : |
| v. | : |
| **VINCIT INTERNATIONAL, INC.,** a Tennessee limited liability company doing business as the parent and/or controlling principal of its agent **STELLAR MANAGEMENT GROUP, II, INC. d/b/a QSI; STELLAR MANAGEMENT GROUP, II, INC. d/b/a QSI,** a Nevada Corporation; **FICTITIOUS DEFENDANTS A-D,** unknown, are those individuals contractually obligated and/or responsible for causing, creating conditions for, and/or having control over certain cleaning operations on the night of January 23, 2020, at Plaintiff's facility that resulted in contamination of unusable ground beef produce in a negligent and/or wanton manner; **FICTITIOUS DEFENDANTS E-G,** unknown, those individuals businesses or corporations responsible for the training, retention, and hiring of certain individuals who were contractually obligated to supply a properly trained workforce to perform cleaning services at Plaintiff's facility on or about January 23, 2020; and **FICTITIOUS DEFENDANT H,** unknown, was the individual who placed a plastic bushing into a food grinder on or about January 23, 2020, causing contamination of unusable ground beef product, | CASE NO: 3:20-cv-00914-SRW |

*Defendants.*

## ANSWER

Defendant Vincit International, Inc. ("Defendant"), by and through its attorneys, hereby responds to the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief may be granted.

### SECOND DEFENSE

Defendant Vincit International, Inc. responds to the enumerated allegations in the Complaint as follows:

1. The Defendant admits the allegations contained Paragraph 1 of the Complaint, upon information and belief.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint. Defendant avers that it is neither the parent nor controlling principal over Stellar Management Group, Inc., or Stellar Management Group II, Inc.

3. The allegations contained in Paragraph 3 of the Complaint are not directed to this Defendant and therefore Defendant neither admits or denies same.

4. The allegations contained in Paragraph 4 of the Complaint are not directed to this Defendant and therefore Defendant neither admits or denies same.

5. The allegations contained in Paragraph 5 of the Complaint are not directed to this Defendant and therefore Defendant neither admits or denies same.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint. Defendant avers that it does not now and never has directed, supervised or controlled any personnel at Plaintiff's food processing facility in Opelika, Alabama.

7. Defendant denies personal jurisdiction over it.

8. In response to Paragraph 8 of the Complaint, Defendant denies that it has any connection to the State of Alabama and further denies ever having any obligations to the Plaintiff, much less breaching those obligations. Defendant further denies that it has exercised any authority over any of the other Defendants.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the second sentence of Paragraph 11 of the Complaint. Defendant lacks sufficient information to admit or deny the allegations contained in the first sentence of Paragraph 11 of the Complaint and therefore denies same.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint. Defendant avers it had and has no operations in the State of Alabama and controlled or supervised no agents or employees in the State of Alabama.

13. Defendant lacks information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint and therefore denies same.

14. Defendant lacks information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint and therefore denies same.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint. Defendant avers that it never received nor sent any communications from or to Plaintiff.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies that it caused any of the losses Plaintiff describes in Paragraph 18 of the Complaint. To the extent Paragraph 18 of the Complaint describes Plaintiff's losses, this Defendant is without knowledge or information sufficient to form a belief as to those allegations and therefore denies same.

19. Defendant incorporates by reference its responses to Paragraphs 1 through 18.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint. Defendant avers it never conducted any operations within the State of Alabama.

21. The allegations contained in Paragraph 21 are not addressed to this Defendant and therefore Defendant neither admits nor denies same.

22. The allegations contained in Paragraph 22 are not addressed to this Defendant and therefore Defendant neither admits nor denies same.

23. The allegations contained in Paragraph 23 are not addressed to this Defendant and therefore Defendant neither admits nor denies same.

24. The allegations contained in Paragraph 24 are not addressed to this Defendant and therefore Defendant neither admits nor denies same.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint; but denies it is causing Plaintiff to incur any attorneys' fees.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint, and further denies that Plaintiff is entitled to any relief as requested in the unnumbered paragraph following Paragraph 30 of the Complaint.

31. Defendant incorporates by reference its responses to Paragraphs 1 through 30.

32. The allegations in Paragraph 32 of the Complaint are not addressed to this Defendant and therefore Defendant neither admits nor denies same.

33. The allegations in Paragraph 33 of the Complaint are not addressed to this Defendant and therefore Defendant neither admits nor denies same.

34. The allegations in Paragraph 34 of the Complaint are not addressed to this Defendant and therefore Defendant neither admits nor denies same.

35. The allegations in Paragraph 35 of the Complaint are not addressed to this Defendant and therefore Defendant neither admits nor denies same.

36. The allegations in Paragraph 36 of the Complaint are not addressed to this Defendant and therefore Defendant neither admits nor denies same.

37. The allegations in Paragraph 37 of the Complaint are not addressed to this Defendant and therefore Defendant neither admits nor denies same. Defendant avers that it is not responsible for any damages alleged or requested in the un-numbered paragraph following Paragraph 37 of the Complaint.

38. Defendant incorporates by reference its responses to Paragraphs 1 through 37.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. The allegations in Paragraph 41 of the Complaint is not addressed to this Defendant and therefore Defendant neither admits or denies same.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint. Defendant avers that it has taken no action and entered no contracts concerning anyone in the State of Alabama.

45. Any allegations of the Complaint not admitted, denied or explained are denied.

### THIRD DEFENSE

Defendant avers that is has never conducted business with Plaintiff, directly or indirectly, and has never entered into any contractual relationships with Plaintiff. Accordingly, Plaintiff's claims against this Defendant must be dismissed.

And now, having fully answered, Defendant, requests that this case be dismissed, with costs assessed against Plaintiff.

ADAMS WHITE & OLIVER, LLP

By: __/s/ Blake L. Oliver_____
  Blake L. Oliver (ASB-9723-A38O)
  205 South 9th Street
  Opelika, AL  36801
  (334) 745-6466
  boliver@adamswhite.com
  *Counsel for Defendant Vincit*

GRANT, KONVALINKA & HARRISON, P.C.

  J. Scott McDearman, BPR No. 012174
  633 Chestnut Street, Suite 900
  Chattanooga, TN 37450-0900
  (423) 756-8400 t
  (423) 756-6518 f
  SMcDearman@gkhpc.com
  *PRO HAC ADMISSION PENDING*

- 8 -

**CERTIFICATE OF SERVICE**

  I, Blake L. Oliver, hereby certify that I have on this the 13th day of November, 2020, electronically filed the foregoing with the Clerk of the Court using the electronic filing system and I have served a copy on the following by CM/ECF System to:

Michael K. K. Choy, Esq.
Burr & Forman, LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
MChoy@Burr.com

John P. Browning, Esq.
Burr & Forman, LLP
RSA Tower, Suite 22200
11 North Water Street
Mobile, AL 36602
JBrowning@Burr.com

              ___*/s/ Blake L. Oliver*___
              Blake L. Oliver