IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GOLDEN STATE FOODS CORP., | : |
| | : Case No. 3:20-CV-00914-SRW |
| *Plaintiff,* | : |
| | : |
| v. | : |
| | : |
| VINCIT INTERNATIONAL, INC., et al., | : |
| | : |
| *Defendants.* | : |

## ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT

Defendants Vincit International, Inc., Stellar Management Group, and Ian Gonzalez ("Defendants"), by and through their attorneys, hereby respond to the First Amended Complaint ("Amended Complaint") hereinbefore filed against them as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim against Defendants upon which relief may be granted.

### SECOND DEFENSE

Defendants respond to the enumerated allegations in the Amended Complaint as follows:

1.  Defendants admit the allegations contained Paragraph 1 of the Amended Complaint, upon information and belief.

2.  Defendants deny the allegations contained in Paragraph 2 of the Amended Complaint.

3. As to the allegations of Paragraph 3 of the Amended Complaint, Defendants admit that QSI is a Nevada corporation doing business in the State of Alabama and that it signed a contract with Plaintiff to perform sanitation services at Plaintiff's facility located in Opelika, Alabama. Defendants aver that Stellar Management Group, Inc. has merged into QSI, LLC.

4. The allegations contained in Paragraph 4 of the Amended Complaint are not directed to these Defendants and therefore these Defendants neither admit nor deny same.

5. The allegations contained in Paragraph 5 of the Amended Complaint are not directed to these Defendants and therefore these Defendants neither admit nor deny same.

6. As to the allegations contained in Paragraph 6 of the Amended Complaint, Defendants admit that Ian Gonzalez ("Gonzalez") placed a bushing inside a grinder at the subject plant on January 23, 2020, and at the time he did so he was an employee of QSI. Defendants aver that Gonzalez placed the bushing inside the grinder pursuant to an agreement with representatives of Plaintiff.

7. Defendants admit the allegations of Paragraph 7 of the Amended Complaint as to jurisdiction of Defendants QSI and Gonzalez. Defendants deny the Court possesses personal or subject matter jurisdiction over Vincit.

8. In response to Paragraph 8 of the Amended Complaint, Defendants admit that venue is proper in Opelika, Alabama as to Defendants QSI and Gonzalez, but deny that venue is property as to Defendant Vincit International. Vincit International has no connection to the state of Alabama and has never had any obligation, contractual or otherwise, to the Plaintiff. Defendant Vincit International further denies that it has exercised any authority over any of the other Defendants. Defendants deny the remaining allegations of Paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint that Defendant Vincit took any action whatsoever. QSI admits that it cleaned portions of the Plaintiff's Opelika, Alabama facility on January 23, 2020.

10. As to the allegations contained in Paragraph 10 of the Amended Complaint, Defendants avers that QSI's employees partially disassembled and cleaned the auger and its disassembled component parts. After cleaning the parts, QSI's employees, pursuant to a long-standing agreement with Plaintiff's supervisors, placed the cleaned parts inside the auger. Defendant Gonzalez discovered the bushing separate from the other parts and placed it in the auger as well. Pursuant to the aforementioned agreement, Plaintiff's employees were to retrieve the cleaned parts from inside the auger and reassemble the auger prior to beginning operations. Defendants deny the allegation in Paragraph 10 of the Amended Complaint that a plastic bushing was left inside the auger without the knowledge or consent of Plaintiff and/or its employees.

11. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 11 of the Amended Complaint and therefore deny same. Defendants aver that parts left inside the auger were left pursuant to the agreement between QSI and Plaintiff.

12. As to the allegations contained in Paragraph 12 of the Amended Complaint, Defendants aver that pursuant to the agreement between Plaintiff and QSI, QSI personnel placed the clean, partially disassembled meat grinder parts inside the meat grinder for Plaintiff to locate and reassemble the grinder. QSI avers that it had no duty to remove the parts that it had placed in the grinder pursuant to the parties' agreement.

13. Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 13 of the Amended Complaint and therefore deny same. Defendants deny that they caused Plaintiff any loss.

14. Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 14 of the Amended Complaint and therefore deny same.

15. As to the allegations contained in Paragraph 15 of the Amended Complaint, Defendants admit that QSI received notice of the claim from Plaintiff but deny that Defendants had any responsibility for payment of that claim.

16. Defendants deny the allegations contained in Paragraph 16 of the Amended Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

19. Defendants incorporate by reference their responses to Paragraphs 1 through 18 of the Amended Complaint.

20. Defendants deny that Defendant Vincit International was in any way related to the contract attached as Exhibit 1 to the Amended Complaint. As to the remaining allegations contained in Paragraph 20 of the Amended Complaint, Defendants admit that QSI executed a contract with Plaintiff to provide sanitation services and supplies to Plaintiff's facility in Opelika, Alabama.

21.     Defendants admit that the quoted language is in Exhibit 1 to the Amended Complaint, but deny that that language is in Paragraph 2.2 of that document.

22.     Defendants admit the allegations contained in Paragraph 22 of the Amended Complaint.

23.     In response to the allegations contained in Paragraph 23 of the Amended Complaint, Defendants admit that QSI agreed to procure insurance for certain covered losses, but deny that they caused Plaintiff any losses. Defendants aver that the contract attached as Exhibit 1 to the Amended Complaint provides that they will not be responsible for the damages Plaintiff seeks in this case.

24.     As to the allegations contained in Paragraph 24 of the Amended Complaint, Defendants deny that the indemnification language in Exhibit 1 to the Amended Complaint applies to Plaintiff's claims in this case. Defendants further deny that either QSI or its personnel have committed any negligent act or omission giving rise to any cognizable claim by Plaintiff.

25.     Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint to the extent that they allege that Defendants are in any way responsible for the fees and costs referenced therein.

29. Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint, and further deny that Plaintiff is entitled to any relief as requested in the unnumbered paragraph following Paragraph 30 of the Amended Complaint.

31. Defendants incorporate by reference its responses to Paragraphs 1 through 30 of the Amended Complaint.

32. Defendants admit that the quoted language is in Exhibit 1 to the Amended Complaint, but deny that the quoted language is in Paragraph 2.2 of that document.

33. Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint, and further deny that they or any of their agents or employees caused any damage to Plaintiff.

37. Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint, and aver that they are not responsible for any damages alleged or requested in the unnumbered paragraph following Paragraph 37 of the Amended Complaint.

38. Defendants incorporate by reference their responses to Paragraphs 1 through 37.

- 7 -

39. Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Amended Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint, and aver that they acted appropriately at all times in relation to Plaintiff.

45. Any allegations of the Amended Complaint not admitted, denied or explained are denied.

## THIRD DEFENSE

Pleading affirmatively, Defendants aver that the contract between QSI and Plaintiff, attached as Exhibit 1 to the Amended Complaint, prohibits Plaintiff from recovering consequential damages, including but not limited to costs related to product, product damage or any similar claim for damages. Accordingly, Plaintiff's claims are barred by the parties' contract.

## FOURTH DEFENSE

Pleading affirmatively, Defendants aver that Plaintiff's employees, on or about January 23, 2020, retrieved most of the cleaned parts from inside the auger which is part of the subject of this action. Plaintiff's employees failed, however, to locate all of the parts, which had been placed in

the auger pursuant to the agreement between QSI and Plaintiff. Had the Plaintiff's employees used ordinary care in searching for the missing part, they would have located the part and not risked damaging Plaintiff's product. Plaintiff's failure to exercise ordinary care to locate the part constitutes contributory negligence on the part of the Plaintiff and therefore bars Plaintiff's claim.

### FIFTH DEFENSE

Pleading affirmatively, Defendants aver that QSI and Plaintiff entered into an agreement, pursuant to which each day QSI partially disassembled the auger, cleaned the removed parts and returned those parts to the inside of the auger. In turn, Plaintiff's employees would reassemble the auger and begin operations. QSI followed the agreement between QSI and Plaintiff, but Plaintiff failed to adhere to it, causing the Plaintiff damage. Because of the Plaintiff's failure to adhere to the agreement, Plaintiff is barred from asserting its claims against Defendants.

### SIXTH DEFENSE

Pleading affirmatively, Defendants aver that QSI personnel had an agreement with Plaintiff's supervisory employees pursuant to which Plaintiff would partially disassemble the auger, clean the removed parts and return those parts to the inside of the auger. In turn, Plaintiff's employees would reassemble the auger and begin operations. In reliance upon the agreement between QSI and Plaintiff, and Plaintiff's ongoing representations that it would abide by that agreement, QSI's employee(s) placed the cleaned auger parts back into the auger. Because Plaintiff failed to abide by the agreement, it is estopped to assert its claims against Defendants.

### SEVENTH DEFENSE

Pleading affirmatively, Defendants aver that Vincit International has never conducted business with Plaintiff, directly or indirectly, and has never entered into any contractual

relationship with Plaintiff. Accordingly, Plaintiff's claims against Vincit International should be dismissed.

## EIGHTH DEFENSE

Pleading affirmatively, Defendant Vincit International avers that it has never conducted business in this judicial district, or the state of Alabama, and that venue is therefore inappropriate as to Vincit International.

WHEREFORE, having fully answered, Defendants request that this case be dismissed, with costs assessed against Plaintiff.

Respectfully submitted,

SAMFORD & DENSON, LLP

By: */s/ Blake Lee Oliver*
    709 Avenue A
    Opelika, AL 36801
    (334) 745-3504 t
    Oliver@SamfordLaw.com
    *Counsel for Defendants Vincit Int'l., Stellar Mgmt. Group, and Gonzalez*

GRANT, KONVALINKA & HARRISON, P.C.

By: */s/ J. Scott McDearman*
    J. Scott McDearman, *Admitted pro hac vice*
    633 Chestnut Street, Suite 900
    Chattanooga, TN 37450-0900
    (423) 756-8400 t
    (423) 756-6518 f
    SMcDearman@gkhpc.com
    *Counsel for Defendants Vincit Int'l., Stellar Mgmt. Group, and Gonzalez*

**CERTIFICATE OF SERVICE**

  I hereby certify that an exact copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Michael K. K. Choy, Esq.
    Burr & Forman, LLP
    420 North 20th Street, Suite 3400
    Birmingham, AL 35203
    MChoy@Burr.com

    John P. Browning, Esq.
    Burr & Forman, LLP
    RSA Tower, Suite 22200
    11 North Water Street
    Mobile, AL 36602
    JBrowning@Burr.com

This 12th day of April, 2021.

        GRANT, KONVALINKA & HARRISON, P.C.


        */s/ J. Scott McDearman*
         J. Scott McDearman Esq.